IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TRENISHIA LASHAY COX**                                                                                  **PLAINTIFF**

v.                                                                      **CIVIL ACTION NO. 3:21-cv-53-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                                      **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for supplemental security income and disability insurance benefits. The undersigned held a hearing on March 17, 2022 [23]. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

### Standard of Review

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Statement of the Case

On June 20, 2019, Plaintiff protectively filed her application for DIB and SSI, alleging her disability commenced on June 2, 2019. Plaintiff was born on May 25, 1991, and was 28 years old, which is defined as a younger individual age 18-29, on the alleged disability onset date. Plaintiff has at least a high school education.

The Commissioner denied Plaintiff's applications initially and on reconsideration. Pursuant to Plaintiff's request, an ALJ held a hearing on October 20, 2020. Plaintiff, her attorney, and Elizabeth Wheeler, an impartial vocational expert, appeared at the hearing. The ALJ issued a hearing decision on November 16, 2020, finding Plaintiff not disabled (Tr. 10, pp. 29-45).

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since her alleged onset date of June 2, 2019 (Tr. 10, p. 18). At step two, the ALJ found that the Plaintiff had the following severe impairments: status post non-displaced fractures of the medial malleolus and distal fibula (post open reduction and internal fixation and removal of hardware); short Achilles tendon; and obesity (Tr. 10, p. 18). At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings) (Tr. 10, p. 18).

The ALJ then assessed Plaintiff's RFC, and found that the Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can stand and walk for four hours in an eight-hour workday. She can sit for six hours in an eight-hour workday. She can never climb ladders or scaffolds or work at heights. She can occasionally climb ramps and stairs, kneel, crouch, crawl and work around moving machinery and vibration. She can frequently balance, stoop, and drive.

(Tr. 10, p. 19).

At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. Her past relevant work included work as a cashier, light, SVP 2, unskilled, and an assembler, production, light SVP 2, unskilled. (Tr. 10, pp. 9-10). Transferability of job skills was not found to be an issue because the Plaintiff's past relevant work is unskilled. At step five, with the VE's assistance, the ALJ found that Plaintiff could make a successful adjustment to other work existing in significant numbers in the national economy, such as a mail clerk, a merchandiser, and an office helper. Accordingly, the ALJ found Plaintiff not disabled and denied her applications (Tr. 10, p. 23).

On January 8, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's November 16, 2020, decision the Commissioner's final decision for purposes of judicial review under the Social Security Act (Tr. 6-10). See 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981,

416.1481.

## Discussion

The Plaintiff raises the following issues on appeal: (A) whether the ALJ properly evaluated the prior administrative findings of Dr. Kossman and Dr. Hebert; (B) whether the ALJ erred in his analysis of the medical opinion of Dr. Blackwood; and (C) whether the ALJ should have found a closed period of disability. These issues will be addressed in detail below.

**A)	Did the ALJ properly evaluate the administrative medical findings from Dr. Kossman and Dr. Hebert?**

The Plaintiff argues that "the ALJ erred in his consideration of the state agency examiners' opinion by giving them persuasive value when they did not have the benefit of material evidence when their opinion was formulated." *See* Pl.'s Br. [16] at 4. Plaintiff argues that due to this failure, "their opinion is not supported or consistent with the evidence of record and thus not supported by substantial evidence." *Id.* Plaintiff lists two full pages medical evidence that occurred after the state agency examiners formed their opinions. *See id.* at 5-6. However, as the Commissioner correctly notes, the majority of these records were specifically discussed by the ALJ in his decision or were otherwise considered with the totality of the evidence. (Tr. 10, pp.19-21).

In the ALJ's opinion, he granted "some persuasive value to the State Agency's determination, as their determinations are somewhat consistent with the preponderance of evidence. However, additional evidence was received at the hearing level." (Tr. 10, p. 21). Thus, while the ALJ considered Dr. Kossman and Dr. Hebert's prior administrative findings, he found the additional evidence Plaintiff submitted after they offered their analyses supported *additional* limitations *beyond* what their findings contained (Tr. 10, p. 21).

The RFC assessment is based on "all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)), including, but not limited to, medical history, medical signs, and laboratory

4

findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 SSR LEXIS 5, at *13-14. The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007), citing *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001).

This Court is unpersuaded by Plaintiff's argument that the ALJ erred in his consideration of Dr. Kossman and Dr. Hebert's prior administrative findings, as it was in his purview to find that these opinions had "some persuasive value." It is not as if the ALJ considered these opinions only—he stated that "additional evidence was received at the hearing level" and detailed the evidence considered in his opinion (Tr. 10, pp. 19-21). Here, this Court finds that substantial evidence supports the ALJ's evaluation of the prior administrative findings from Dr. Kossman and Dr. Hebert.

**B)       Did the ALJ err in his analysis of the medical opinion of Dr. Blackwood?**

The Plaintiff also argues that the ALJ failed in his analysis because he failed to consider the factors of supportability and consistency as to the opinion of Dr. Blackwood. *See* [16] at 10. In his opinion, as it relates to Dr. Blackwood's Treating Source Statement, the ALJ found:

> On September 21, 2020, the claimant's treating physician, Steven Blackwood, M.D., submitted a Treating Source Statement wherein he reported the claimant was diagnosed with a short right Achilles tendon, osteochondritis dissecans and right ankle pain. He said that she would need to elevate her leg and she would be off task 15% of a normal workday. He said that she would have good days and bad days and her impairment would last more than 12 months. He also reported that she would be absent at least 2 days a week (Exhibit 8F). The undersigned finds little persuasive value in Dr. Blackwood's opinion because the records reflected that the claimant appeared to be doing well and she had a normal gait with no limp. She reported that she was able to ambulate in a normal shoe without discomfort on a daily basis.

(Tr. 10, pp. 15-16). Furthermore, the ALJ had, in the paragraphs directly above this excerpt, noted

in detail the many normal examination findings, showing that Dr. Blackwood's Treating Source Statement opinion was inconsistent with his own objective findings (Tr. 10, p. 20).

Although Plaintiff urges this Court to remand because the ALJ did not provide an explicit discussion of the factors of supportability and consistency in the same paragraph in which he found this opinion was not persuasive, the Fifth Circuit has held that "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Rather, "[r]emand is only appropriate 'where there is no indication the ALJ applied the correct standard." *Id*. (citation omitted). The burden is on the party claiming error to demonstrate not only that an error is present, but also that it affected her "substantial rights." *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

In this case, Plaintiff testified that she could stand for two hours at a time, and the RFC formulated was consistent with that testimony. (Tr. 10, p. 40). The ALJ did not err in finding little persuasive value in Dr. Blackwood's opinion because the medical records did not support the findings in his Treating Source Statement. This Court is of the opinion that while the ALJ did not explicitly use the words "supportability" or "consistency," it is evident that the totality of his decision shows he properly considered these factors. He stated that he found little persuasive value in Dr. Blackwood's opinion "because the records reflected that the claimant appeared to be doing well and she had a normal gait with no limp. She reported that she was able to ambulate in a normal shoe without discomfort on a daily basis." *See* (Tr. 10, pp. 15-16). Thus, any error in the ALJ's failure to use the "magic words" in this instance is harmless and did not affect the Plaintiff's substantial rights.

**C)** **Plaintiff's Closed Period of Disability Argument**

It bears mentioning that Plaintiff briefly contends that the ALJ should have found a closed

period of disability from June 2, 2019, through September 17, 2020, now relying on Dr. Kossman's and Dr. Hebert's prior administrative finding that they determined that her applications should be a durational denial. *See* Pl.'s Br. at 9-10. DI 25510.001 of the POMS addresses closed periods of disability. For there to be a closed period of disability, "The evidence must show he or she was disabled for a continuous period of not less than 12 months, but based on the evidence is no longer disabled or blind at the time of adjudication."

Of note, prior to her second operation, during an examination on February 25, 2020, Plaintiff's gait was normal with no limp and she had 5 out of 5 strength, normal reflexes and normal sensation, but with slightly reduced range of motion (Tr. 10, pp. 20, 319). Such records fail to show Plaintiff was disabled prior to her second surgery.

Plaintiff further fails to acknowledge that even after her hardware removal surgery in March 2020, by April 10, 2020, Dr. Blackwood noted she was healing well, and he intended to wean her out of her walking boot and told her to exercise (Tr. 10-3, p. 234). By May 2020, Dr. Blackwood noted largely normal findings, including minimal swelling, normal sensation and strength (Tr. 10-3, p. 230). Here, while there may be a twelve-month period of treatment, there is not a twelve-month period of disability. Therefore, substantial evidence supports the ALJ's finding that Plaintiff was not disabled for a continuous period of not less than twelve months.

## Conclusion

For the reasons stated above, the undersigned finds that the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 21st day of March, 2022.

/s/ Jane M. Virden
United States Magistrate Judge